NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 7 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN MCKNIGHT WADE,

Petitioner-Appellant,

v.

MARK NOOTH,

Respondent-Appellee.

No.   16-35399

D.C. No. 2:13-cv-00755-PK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief Judge, Presiding

Submitted March 5, 2018[**]
Portland, Oregon

Before:  N.R. SMITH and HURWITZ, Circuit Judges, and CURIEL,[***] District
Judge.

John Wade was convicted in Oregon state court of offenses arising out of an

assault and robbery.  The convictions were affirmed on direct appeal, and Wade's

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]      The Honorable Gonzalo P. Curiel, United States District Judge for the
Southern District of California, sitting by designation.

petition for state post-conviction relief was unsuccessful. The district court denied Wade's subsequent 28 U.S.C. § 2254 habeas corpus petition and we affirm.

1. We assume, as does the respondent warden, that the introduction at trial of Wade's co-defendant's statements violated the Confrontation Clause. *See Crawford v. Washington*, 541 U.S. 36, 52 (2004) ("Statements taken by police officers in the course of interrogations are . . . testimonial under even a narrow standard."). But, "[h]abeas relief on a trial error claim is appropriate only if the error results in 'actual prejudice.'" *Hall v. Haws*, 861 F.3d 977, 991 (9th Cir. 2017) (quoting *Davis v. Ayala*, 135 S. Ct. 2187, 2197 (2015)); *see also Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986) (holding that Confrontation Clause violations are subject to harmless error review). Wade has not demonstrated that the trial error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). The co-defendant's statements were brief and cumulative of the testimony of the victims, "add[ing] nothing new." *Mayes v. Premo*, 766 F.3d 949, 965 (9th Cir. 2014).

2. The state post-conviction review court did not unreasonably reject Wade's ineffective assistance of counsel claim. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citations omitted).

2

Instead of hiring an expert to testify about the likely trajectory of the bullet, counsel chose to rely on the cross-examination of the officers, and to argue the state's failure to proffer evidence. The state court could have reasonably concluded that this "strategy choice was . . . within the range of professionally reasonable judgments." *Strickland v. Washington*, 466 U.S. 668, 699 (1984); *see Harrington*, 562 U.S. at 106–09 (rejecting claim that state court was unreasonable in finding counsel effective when counsel failed to consult with a blood pattern expert).

**AFFIRMED**.